| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address<br><br>**Vahe Khojayan SBN261996**<br>**1010 N. Central Ave, Ste 450**<br>**Glendale, CA 91202**<br>**818-245-1340 Fax: 818-245-1341**<br>**SBN261996 CA**<br>**vahe@kglawapc.com** | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☑ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**Anahit Harutyunyan**<br><br><br><br><br>Debtor(s). | CASE NO: **2:21-bk-11923-NB**<br><br>CHAPTER __**13**__<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>(with supporting declarations)<br><br>DATE: **04/06/2021**<br>TIME: **10:00AM**<br>COURTROOM: **Courtroom 1545  Hearing by Zoom Gov, check docket for instruction**<br>PLACE:  **255 E. temple Street, Los Angeles, CA 90012** |
|---|---|

**Movant:**   __Anahit Harutyunyan__

1. NOTICE IS HEREBY GIVEN to  **First Third Bank, N.A. Grachuy Arutyunyan, Trustee of Arutyunyan Living Trust, Masis Karapetyan and Naira Khachatryan** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties),  their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☑ **255 East Temple Street, Los Angeles, CA 90012**         ☐ **411 West Fourth Street, Santa Ana, CA 92701**
   ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**     ☐ **1415 State Street, Santa Barbara, CA 93101**
   ☐ **3420 Twelfth Street, Riverside, CA 92501**

3. a.  ☑   This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page  1                                **F 4001-1.IMPOSE.STAY.MOTION**

      (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

  b.  ☐  This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☐ at the hearing  ☐ at least ___ days before the hearing.

    (1) ☐  An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐  An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

    (3) ☐  An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4.  You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.  If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: **March 11, 2021**

**KG LAW, APC**
Printed name of law firm (if applicable)

**Vahe Khojayan**
Printed name of individual Movant or attorney for Movant

**/s/ Vahe Khojayan**
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** __Anahit Harutyunyan__

1. **The Property or Debt at Issue:**
   a. ☑ Movant moves for an order imposing a stay with respect to the following property (Property):
   
   ☐ Vehicle *(describe year, manufacturer, type, and model)*:
   Vehicle Identification Number:
   Location of vehicle *(if known)*:

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:
   Serial number(s):

   Location *(if known)*:

   ☐ Other Personal Property *(describe type, identifying information, and location)*:

   ☑ Real Property
   Street Address: **10366 Ormond Street**
   Apt./Suite No.:
   City, State, Zip Code: **Sunland, CA 91040**
   Legal description or document recording number(include county of recording):
   **LOT 26 OF TRACT NO. 22714, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 649 PAGE(S) 93 TO 95 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
   ASSESSOR'S PARCEL NUMBER: 2544-039-011**

   ☐ See attached continuation page

The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) **Fifth Third Bank, N.A.** to secure the sum of approximately $ **647,465.05** now owed, **Grachuy Arutyunyan, Trustee of the Arutyunyan Living Trust**, to secure the sum of approximately **$104,377.50,** and **Masis Karapetyan and Naira Khachatryan** to secure the sum of approximately **$30,000**. (Secured Creditors/Lessors). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

c. ☐ Movant moves for an order **imposing a stay** as to *all creditors.*

d. ☑ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*, and/or

e. ☑ Movant moves for an order **continuing the automatic stay** as to *all creditors*.

2. **Case History:**
   a. ☑ A voluntary  ☐ An involuntary petition concerning an individual[s] under chapter  ☐ 7  ☐ 11  ☐ 12  ☑ 13 was filed concerning the present case on *(specify date)*: **03/10/2021**

   b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13 was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

    d. ☑ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

        1. Case name: **In re Anahit Arutyunyan**
           Case number: **2:20-bk-15381-SK**    Chapter: **13**
           Date Filed: **06/15/2020**    Date dismissed: **03/10/2021**
           Relief from stay re this Property    ☑ was    ☐ was not granted **(subject to APO)**
           Reason for dismissal: **Dismissed at confirmation for inability of debtor to repay the unavoided liens of junior secured creditors with her income at the time.**

        2. Case name:
           Case number:    Chapter:
           Date Filed:    Date dismissed:
           Relief from stay re this Property    ☐ was    ☐ was not granted
           Reason for dismissal:

        ☐ See attached continuation page

    e. ☑ As of the date of this motion the Debtor ☐ has ☑ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

    f. ☑ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **04/16/2021** and the court ☐ has ☑ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is __.

    g. ☑ In a previous case(s), as of the date of dismissal there was:
        ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
        ☑ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

a) 
1. Property description/value: **10366 Ormond Street, Sunland, CA 91040**    $ **900,000.00**
2. Creditor/Lien amount: **Fifth Third Bank, N.A.**    $ **647,465.05**
3. Creditor/Lien amount: **Grachuy Arutyunyan, Trustee of Arutyunyan Living Trust**    $ **104,377.50**
4. Creditor/Lien amount: **Masis Karapetyan and Naira Khachatryan**    $ **30,000.00**
5. Creditor/Lien amount: __    $ __
6. Total Liens    $ __
7. Debtor's Homestead Exemption    $ **n/a**
8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $ **118,157.50**

b)
1. Propery description/value: __    $ __
2. Creditor/Lien amount: __    $ __
3. Creditor/Lien amount: __    $ __
4. Creditor/Lien amount: __    $ __
5. Creditor/Lien amount:    $ __
6. Total Liens    $ __
7. Debtor's Homestead Exemption    $ __
8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)    $ __

    ☐ See attached continuation page

4. **Grounds for Continuing the Stay:**

   a. ☑ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

   1. ☑ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A. ☑ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);
      B. ☑ Good faith is shown because:
         **1. At the time of prior dismissal Debtor alone without supporting income could not afford to repay junior creditor's unavoided liens within five years of the Plan term.
         2. Since the dismissal, Debtor consulted with her daughter Diana Babasyan, who offered and agreed to contribute $2,000 per month to support her parent so that Debtor is able to propose a 100% repayment plan to all creditors including junior secured lienholders.  A declaration by Diana Babasyan is enclosed with this motion.
         3. This case is filed in good faith, since it proposes to pay all creditors (secured and unsecured) fully during the term of the Plan.
         4.  Debtor's purpose is to preserve her principal residence, and repay her creditors fully.**

         ☐ See attached continuation page

   2. ☑ The Property is of consequential value or benefit to the estate because:

      A. ☑ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property)*; **Declaration of Anahit Harutyunyan.**

      B. ☐ The Property is necessary to a reorganization for the following reasons: **The Property is Debtor's principal residence.  Debtor will not qualify for rental of another property because of her credit and bankruptcies.  Additionally, debtor's entire reorganization is based on repaying the secured claims in full, and without the property there will be no reorganization.**

         ☐ See attached continuation page

      C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:) **Adequate equity cushion in the Property in the amount of $118,157.50, plus regular plan payment made by the Debtor that will inevitably pay the Secured Creditors' claim in full.  Regular monthly mortgage payments to first deed of trust holder that will maintain equity for the junior lienholders.**

         ☐ See attached continuation page

   3. ☑ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

      A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);
      B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
      C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

         ☐ See attached continuation page

      D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

         ☐ See attached continuation  page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                              Page  5                                **F 4001-1.IMPOSE.STAY.MOTION**

      E. ☐   Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

           ☐ See attached continuation page

      F. ☑   There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: **In the previous case, Debtor attempted to avoid the liens of junior lienholders from the Property. The court denied Debtor's motions. The motions were set for hearing on the same day as the confirmation hearing which the Court had indicated would be the final hearing. When the motions were denied, Debtor in her then financial condition could not afford to repay the junior lienholders within the term of the Plan and requested dismissal of the case.
After the dismissal, Debtor's daughter Diana Babasyan offered to contribute $2000 to help Debtor propose a chapter 13 plan that would pay off all secured creditors in five years. Debtor did just that in filing of this case.
Currently Debtor, with the help of her daughter, has the necessary income to prose and consummate a 100% chapter 13 plan and pay off all secured creditors.**

           From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

           ☐ See attached continuation page

      G. ☐   For the following additional reasons: _

           ☐ See attached continuation page

4. ☑   The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because: **The only action under 11 U.S.C. 362(d) was filed by creditor Fifth Third Bank, N.A., which was resolved by an adequate stipulation order. As of the time of dismissal of the prior case, Debtor was not in default of her obligations under th adequate stipulation order. Debtor continues to make regular monthly payments to Fifth Third Bank, N.A. and filed this case for purposes of repaying her junior lienholders fully.**

      ☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☐   Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐   The Property is of consequential value or benefit to the estate because the fair market value of the Property is       greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

      2. ☐   The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: __.

          ☐ See attached continuation page

      3. ☐   The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: __

          ☐ See attached continuation page

   b. ☐   The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

      1. ☐   The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

      2. ☐   Good faith is shown because __

          ☐ See attached continuation page

    c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

      1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __

        ☐ See attached continuation page

      2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

      3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

        ☐ See attached continuation page

      4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

        ☐ See attached continuation page

      5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

      (from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

        ☐ See attached continuation page

      6. ☐ For the following additional reasons __

        ☐ See attached continuation page

      7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

        ☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

    a. ☑ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.:

    b. ☑ Other Declaration(s) are also attached in support of this Motion: **Declaration of Anahit Harutyunyan, Declaration of Diana Babasyan. Declaration of David Serber**

    c. ☑ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit **A**.

    d. ☑ Other evidence *(specify)*: **Proof of Income of Debtor's daughter Diana Babasyan (Exhibit C), Appraisal of the Property by David Serber (Exhibit B)**

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☑ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☑ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: **March 11, 2021**

Respectfully submitted,
**Anahit HArutyunyan**
Movant Name
**KG LAW, APC**
Firm Name of attorney for Movant (if applicable)

**/s/ Vahe Khojayan**
Signature
**Vahe Khojayan**
Printed Name of Individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I **Anahit Harutyunyan**, am the Movant. I have read the foregoing motion consisting of **8** pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 11, 2021** | **Anahit Harutyunyan** | |
|---|---|---|
| *Date* | *Printed name of declarant* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 8                **F 4001-1.IMPOSE.STAY.MOTION**

**DECLARATION OF ANAHIT HARUTYUNYAN**

I, ANAHIT HARUTYUNYAN, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am a person over the age of eighteen and the debtor in this case.
2. I am the owner of the real property located at 10366 Ormond Street, Los Angeles, CA 91040 (hereinafter the "Real Property").
3. The property is encumbered by the following liens:
    a. First deed of trust in favor of Fifth Third Bank, N.A. in the mount of $647,465.05. Attached hereto as Exhibit A is a true and correct copy of the proof of service filed by that creditor in this case.
    b. Second Deed of Trust in favor of Grachuy Arutyunyan, Trustee of the Arutyunyan Living Trust, in the amount of $104,377.50. Attached hereto as Exhibit B is a true and correct copy of the proof of claim filed by that creditor in this case.
    c. Third deed of trust in favor of Masis Karapetyan, Naira Khachatryan in the amount of $30,000. Attached hereto as Exhibit C is a true and correct copy of the deed of trust in favor of that creditor.
4. Attached hereto as Exhibit A is a true and correct copy of my schedule D listing the amounts owed to the secured creditors.
5. On June 15, 2020 I filed a chapter 13 case in the central district of California with case number 2:20-bk-15381-SK. In that case I attempted to avoid the liens of secured creditors Grachuy Arutyunyan and Masis Karapetian (collectively "Junior Lineholders"), based on structural defects present at my property.

6. My proposed plan in the previous case was based on the avoidance of the liens and repayment of arrears to first lienholder Fifth Third Bank, N.A.

7. However, the lien avoidance motions were denied by the Court, and the Court seemingly accepted the third-party appraiser's evaluation of our property. Attached ehreto as Exhibit B is a copy of third-party appraiser's declaration and appraisal of the property as of January 8, 2021.

8. This meant that in order to confirm the Plan, I had to pay the Junior Lienholders claims fully through the term of my chapter 13 Plan. At the time, I had no supplemental sources of income to afford the increased payment and through my counsel requested that the case be dismissed.

9. After that date my daughter Diana Babasyan offered to contribute $2,000 to me to help propose a plan in a new chapter 13 case that would repay all my creditors including Junior Lienholders fully. Additionally, my husband picked up additional work as a truckdriver and his income slightly increased as well.

10. As of today, my husband and I have an income of $8,500 per month on average, and my daughter Diana Babasyan contributes an additional $2,000 to our chapter 13 case.

11. This will allow me to consummate my proposed chapter 13 Plan that pays all creditors fully.

12. In my previous case, secured creditor Fifth Third Bank, N.A. filed a motion for relief from stay. That motion was resolved by adequate protection order. I did not default under that adequate protection order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 03/11/2021.

_____
ANAHIT HARUTYUNYAN

# DECLARATION OF DIANA BABASYAN

I, DIANA BABASYAN, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am a person over the age of eighteen and the daughter of Debtor Anahit Harutyunyan in this case.

2. I am currently employed by Apria Healthcare and earn income of $2500.00 per month. Additionally, I am a caregiver for a minor child and earn approximately $450.00 per month from that job. Attached hereto as Exhibit C are copies of my recent paystub and earning report.

3. I am currently residing at 10366 Ormond Street, Los Angeles, CA 91040 ("Property").

4. After I discovered that my mother's chapter 13 case was dismissed, I offered to contribute $2,000 per month if that could help her repay her creditors and keep her principal residence.

5. My current income, combined with the fact that I reside at the Property, will allow me to afford $2,000 per month contribution income.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 03/11/2021.

_____
DIANA BABASYAN

- 1 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document entitled (*specify*):   **Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/11/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
  **Kathy A Dockery (TR)**
**EFiling@LATrustee.com**

**Vahe Khojayan on behalf of Debtor Anahit Harutyunyan**
**vahe@kglawapc.com**

**United States Trustee (LA)**
**ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **03/11/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 11, 2021** | **Menua Yesayan** | **/s/ Menua Yesayan** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Secured Creditors**

Fifth Third Bank, N.A.
38 Fountain Square Plaza
Cincinnati, OH 45263
Attn: Greg D. Carmichael, CEO
*via certified mail, address from FDIC website*

Fifth Third Bank, N.A.
c/o Corporation Service Company
2710 Gateway oaks Drive, Suite 150N
Sacramento, CA 95833

Grachuy Arutyunyan, Trustee of the
Arutyunyan Living Trust
1041 E. Harvard Blvd.
Burbank, CA 91501

Masis Karapetyan, Naira Khachatryan
1006 E. Angeleno Ave.,
Burbank, CA 91501


**Unsecured Creditors**

Bank of America
4909 Savarese Circle
Fl1-908-01-50
Tampa, FL 33634

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Nordstrom FSB
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155

Resurgent Capital Services
Attn: Bankruptcy
Pob 10497
Greenville, SC 29603


**Executory Contracts**

Volkswagen Credit, Inc
Attn: Bankruptcy
Po Box 3
Hillboro, OR 97123

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 10    **F 4001-1.IMPOSE.STAY.MOTION**